IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOMPO INTERNATIONAL INSURANCE  ) | |
| f/k/a ENDURANCE AMERICAN         ) | |
| INSURANCE COMPANY,               ) | |
| )                                  | CIVIL ACTION |
| **Plaintiff,**                   ) | |
| )                                  | FILE NO. _____ |
| BAIN BERKELEY, INC. f/k/a        ) | |
| ROBERTSON NORTON, INC., CAMKEN,  ) | |
| INC., CAMKEN CONSULTING, INC.,   ) | |
| CAMKEN INSPECTIONS, INC., LINEAR ) | |
| EARTH, LLC, ROBERTSON NORTON     ) | |
| LAW, INC., THE RENEE GROUP, INC.,) | |
| STEPHANIE MCNEIL BARRETT, TERRI  ) | |
| HERRING-CROOM, CHANDRA           ) | |
| NORTON, REGINALD NORTON,         ) | |
| SHELITHA RENEE ROBERTSON,        ) | |
| KATHERINE STUBBS a/k/a CATHY     ) | |
| SWART, and ANGELA SYVERSON a/k/a ) | |
| ANGELA MARSEILLE,                ) | |
| )                                  | |
| **Defendants.**                  ) | |

## **COMPLAINT**

Plaintiff, Sompo International Insurance f/k/a/ Endurance American

Insurance Company ("Plaintiff Sompo"), by way of Complaint against Defendants,

Camken Consulting, Inc., Chandra Norton, Reginald Norton, Linear Earth, LLC,

Camken, Inc., Camken Inspections, Inc., Robertson Norton Law, Inc., Bain

Berkeley, Inc. f/k/a Robertson Norton, Inc., Shelitha Renee Robertson, The Renee

Group, Inc., Stephanie McNeil Barrett, Terri Herring-Croom, Angela Syverson a/k/a Angela Marseille and Katherine Stubbs a/k/a Cathy Swart, alleges as follows, upon information and belief:

## I.      JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## II.      PARTIES

2.      Plaintiff Sompo, is a company organized and existing under the laws of the State of Delaware, with its registered office located at 1209 Orange Street, Wilmington, Delaware 19801, and with its principal place of business in New York, New York at 1221 Avenue of the Americas, New York, New York 10017.

3.      Bain Berkley, Inc. f/k/a Robertson Norton, Inc. ("Bain Berkley") is a Georgia corporation with its principal place of business located at 2481 Joiner Ct., Decatur, Georgia 30033, and Angela Syverson is listed with the Georgia Secretary of State as its last reported Registered Agent at 2481 Joiner Ct., Decatur, Georgia 30033.

4.      Camken, Inc. ("Camken") is a Georgia corporation with its principal place of business located at 480 Darrow Drive, Johns Creek, Georgia 30097, and

Chandra Norton is listed with the Georgia Secretary of State as its last reported Registered Agent at 480 Darrow Drive, Johns Creek, Georgia 30097.

5.     Camken Consulting, Inc. ("Camken Consulting") is a Georgia corporation with its principal place of business located at 480 Darrow Drive, Johns Creek, Georgia 30097, and Chandra Norton is listed with the Georgia Secretary of State as its last reported Registered Agent at 480 Darrow Drive, Johns Creek, Georgia 30097.

6.     Camken Inspections, Inc. ("Camken Inspections") is a Georgia corporation with its principal place of business located at 480 Darrow Drive, Johns Creek, Georgia 30097, and Chandra Norton is listed with the Georgia Secretary of State as its last reported Registered Agent at 480 Darrow Drive, Johns Creek, Georgia 30097.

7.     Linear Earth, LLC ("Linear Earth") is a Georgia corporation with its principal place of business located at 5950 Live Oak Parkway, Norcross, Georgia 30093, and Reginald Norton is listed with the Georgia Secretary of State as its last reported Registered Agent at 480 Darrow Drive, Johns Creek, Georgia 30097.

8.     Robertson Norton Law, Inc. ("Robertson Norton Law") is a Georgia corporation with its principal place of business located at 101 Woodhaven Lane, Ball Ground, GA 30107, and Chandra Norton is listed with the Georgia Secretary

of State as its last reported Registered Agent at 480 Darrow Drive, Johns Creek, Georgia 30097.

9.      The Renee Group, Inc. ("Renee Group") is a Georgia corporation with its principal place of business located at 1285 Shanter Trail, Atlanta, Georgia 30311, and Jameel Manji is listed with the Georgia Secretary of State as its last reported Registered Agent at 315 W. Ponce de Leon Avenue, Suite 400, Decatur, GA 30030.

10.     Stephanie McNeil Barrett ("Stephanie Barrett") is an individual believed to be residing at 898 Natchez Valley Trace, Grayson, Georgia 30017.

11.     Terri Herring-Croom ("Terri Herring-Croom") is an individual believed to be residing at 120 Spalding Trace, Atlanta, Georgia 30328.

12.     Chandra Norton ("Chandra Norton") is an individual believed to be residing at 480 Darrow Drive, Johns Creek, Georgia 30097.

13.     Reginald Norton ("Reginald Norton") is an individual believed to be residing at 480 Darrow Drive, Johns Creek, Georgia 30097.

14.     Shelitha Renee Robertson ("Shelitha Robertson") is an individual believed to be residing at 1825 Wallace Road, Atlanta, Georgia 30331.

15.     Katherine Stubbs a/k/a Cathy Swart ("Katherine Stubbs") is an individual believed to be residing at 16045 Segwick Drive, Alpharetta, GA 30004

16.    Angela Syverson a/k/a Angela Marseille ("Angela Syverson") is an individual believed to be residing at 5326 Pheasant Run Drive, Stone Mountain, Georgia 30087.

### III.    GENERAL ALLEGATIONS

### A.    THE INDEMNITY AGREEMENT

17.    Endurance was and is a surety company in the business of issuing surety bonds for construction projects and associated contracting services, among other things.

18.    Camken Consulting, at all relevant times, was engaged in the business of providing construction contracting services.

19.    Camken Consulting was required to provide surety bonds in connection with certain of its construction contracts.

20.    On or about September 29, 2014, in consideration for and to induce Endurance, as surety, to issue certain surety bonds on behalf of Camken Consulting, as principal, Chandra Norton and Reginald Norton (collectively, the "Indemnitor Defendants"), executed and delivered a General Agreement of Indemnity (the "Indemnity Agreement") in favor of Plaintiff Sompo, as indemnitee.

21.    A true and accurate copy of the Indemnity Agreement is annexed hereto and incorporated herewith as **Exhibit A**.

22.     Pursuant to Paragraph 3.2 of the Indemnity Agreement, the Indemnitor Defendants agreed, jointly and severally, to:

> . . . at all times exonerate, hold harmless, defend, indemnify, and keep indemnified [Plaintiff Sompo] from and against any and all liability for Loss which [Plaintiff Sompo] may pay, sustain or incur by reason of: (1) having executed or procured the execution of any Bond or any commitment letter, consent of surety, or any other document related to the issuance of any Bond; (2) the failure of [Camken] or any of the other Indemnitors to perform or comply with any of the covenants and conditions of this [Indemnity Agreement] or any obligation under any Other Agreement or Bond or any obligation under any agreements with respect to which a Bond has been executed by [Plaintiff Sompo]; or (3) seeking enforcement of any of the representations, warranties, covenants and conditions of this [Indemnity Agreement].

Ex. A at ¶ 3.2.

23.     Pursuant to the Indemnity Agreement, the Indemnitor Defendants further agreed as follows:

> Promptly on request by [Plaintiff Sompo]  following assertion of any Claim, and before [Plaintiff Sompo] may be required to make any payment or suffer any Loss relating to such Claim, the Principal or any of the other Indemnitors shall deposit Collateral with [Plaintiff Sompo] in the full amount of such Claim, plus any additional amount that [Plaintiff Sompo] deems sufficient in its sole and absolute discretion to indemnify and hold [Plaintiff Sompo] harmless from and against any potential Loss arising from such Claim.

Ex. A at ¶ 3.2.

24.     The term "Loss" is defined by the Indemnity Agreement as follows:

> "Loss" shall mean all damages, losses, costs, professional and consulting fees (including but not limited to legal fees), disbursements, interest and expenses of every kind and nature, which [Plaintiff Sompo] may sustain or incur as a result of any Claim or by

reason of having executed or procured the execution of any Bond, amendment, waiver or supplement to any Bond, or which [Plaintiff Sompo] may sustain or incur in the enforcement of, attempted enforcement of, or preservation of any rights under any Bond or this [Indemnity Agreement].

Ex. A at ¶ 1.1.

25.    Pursuant to the Indemnity Agreement, the Indemnitor Defendants

further agreed as follows:

to provide [Plaintiff Sompo] or any person designated by [Plaintiff Sompo] with unrestricted access at any and all times upon reasonable notice, to the financial statements, books, records, and/or accounts of [Camken] and any of the other Indemnitors for the purpose of inspection, copying or reproduction. This access will continue until such time as the liability of [Plaintiff Sompo] under all Bonds is terminated and [Plaintiff Sompo] is fully reimbursed for all amounts due under this [Indemnity Agreement].

Ex. A at ¶ 3.6.

26.    In addition, Paragraph 4.3 of the Indemnity Agreement provides the

following:

In the event of any Loss by [Plaintiff Sompo], [Camken] and each of the other Indemnitors agree to immediately reimburse [Plaintiff Sompo] for any and all payments made by [Plaintiff Sompo], plus interest from the date of [Plaintiff Sompo's] payment at the rate of 9% per annum or the maximum rate allowable by law, whichever is less.

Ex. A at ¶ 4.3.

### B.      THE CITY OF ATLANTA CONTRACTS AND BONDS

27.     Camken Consulting entered into two contracts with the City of Atlanta (the "City") whereby Camken Consulting agreed to perform certain sewer rehabilitation work under Sewer Rehab Contract C (FC-5226) in the amount of $4,304,000 and Sewer Rehab Contract A (FC-5664) in the amount of $1,328,677 (the "Contracts).

28.     Plaintiff Sompo, as surety, issued a Performance Bond and a Payment Bond, bearing Bond No. EAIC431500014, for project FC-5664, in the penal sum of $1,328,677.50, and a Performance Bond and a Payment Bond, bearing Bond No. EAIC431500018, for project FC-5226, in the penal sum of $4,304,000.00 ("the Bonds"), in favor of the City, as obligee, in connection with the Projects. True copies of the Bonds are annexed hereto and incorporated herewith as **Exhibit B**.

### C.      CLAIMS PAID UNDER THE BONDS

29.     Camken Consulting's subcontractors and/or suppliers made claims against Plaintiff Sompo under the Bonds and the following amounts were paid by Plaintiff Sompo to Camken Consulting's subcontractors and/or suppliers in connection with those claims:

| | |
|---|---|
| Corporate Environment Management | $ 25,197.85 |
| Ferguson Receivables | $ 38,047.89 |
| Layne Inliner | $ 63,388.55 |
| Neff Rental | $ 46,117.95 |
| Thomas Concrete | $ 14,097.24 |
| Sunbelt Rentals | $ 35,824.79 |
| | $  6,306.61 |
| Trench Shoring | $  6,215.63 |
| | $   4,802.16 |
| **TOTAL** | **$239,998.67** |

## D.    PLAINTIFF SOMPO'S LOSS, COSTS AND EXPENSES

30.    By reason of having executed the Bonds, Camken Consulting's obligations under the Contracts, and the failure of the Indemnitor Defendants to perform or comply with the covenants and conditions of the Indemnity Agreement, Plaintiff Sompo has paid, sustained, or incurred Loss (as that term is defined in the Indemnity Agreement) in an amount no less than $239,998.67, in addition to attorney fees and costs.  Plaintiff Sompo will continue to incur Loss (as that term is defined in the Indemnity Agreement), including but not limited to the attorneys' fees and costs associated with having issued the Bonds.

## IV.   PLAINTIFF SOMPO'S CAUSES OF ACTION
### FIRST CAUSE OF ACTION

### CONTRACTUAL INDEMNIFICATION
### AGAINST THE INDEMNITOR DEFENDANTS
### CAMKEN CONSULTING, INC., CHANDRA NORTON
### AND REGINALD NORTON

31.     Plaintiff Sompo repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

32.     The Indemnitor Defendants have failed to honor their obligations under the Indemnity Agreement to, among other things, indemnify and reimburse Plaintiff Sompo for the losses, costs, and/or expenses it incurred by reason of having executed the Bonds, the failure of the Indemnitor Defendants to perform or comply with any of the covenants and conditions of the Indemnity Agreement.

33.     As a result of the Indemnitor Defendants' breach of the Indemnity Agreement, Plaintiff Sompo has incurred substantial unreimbursed Loss (as that term is defined in the Indemnity Agreement) in the amount of no less than $239,998.67, plus attorney fees and costs, by reason of having executed the Bonds, Camken's obligations under the Contract, the failure of the Indemnitor Defendants to perform or comply with the covenants and conditions of the Indemnity Agreement or any of Plaintiff Sompo's enforcement of the representations, warranties, covenants and conditions of the Indemnity Agreement.

## SECOND CAUSE OF ACTION

## COMMON LAW INDEMNIFICATION
## AGAINST CAMKEN CONSULTING

34.     Plaintiff Sompo repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

35.     As between Plaintiff Sompo and Camken Consulting, Plaintiff Sompo is secondarily obligated under the Bonds, while Camken Consulting is primarily obligated under the Bonds, and owes a duty to Plaintiff Sompo to discharge of all obligations arising under the Bonds.

36.     Plaintiff Sompo has sustained and will sustain additional damages by reason of Camken Consulting's failure to honor its common law obligations arising under the Bonds.

37.     Based on the foregoing, Camken Consulting should be required to pay all financial obligations related to the Bonds, in an amount no less than $239,998.67 plus attorney fees and costs.

## THIRD CAUSE OF ACTION

## EXONERATION AND *QUIA TIMET*
## AGAINST THE INDEMNITOR DEFENDANTS

38.    Plaintiff Sompo repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

39.    Plaintiff Sompo has demanded that the Indemnitor Defendants indemnify and hold Plaintiff Sompo harmless from the amount is has expended and been damaged in connection with having issued the Bonds and in discharging its obligations under the Bonds and/or in enforcing the terms of the Indemnity Agreement. The indemnity and hold harmless Plaintiff Sompo has demanded does not include possible future losses associated with all pending claims, future unknown claims, attorneys' fees, consulting fees and/or costs and expenses Plaintiff Sompo will incur in discharging its obligations under the Bonds and/or in enforcing the terms of the Indemnity Agreement.

40.    The Indemnitor Defendants owe Plaintiff Sompo the duty of exoneration, requiring them to perform their obligations before Plaintiff Sompo is called upon to perform its obligations under the Bonds or any other related obligations. Additionally, the Indemnity Agreement requires the Indemnitor Defendants to place funds or other security with it upon demand.

41.    Thus, Plaintiff Sompo, as surety, is also entitled to the remedy of exoneration and/or *quia timet*. These remedies secure a surety from loss when it appears that parties such as the Indemnitor Defendants are reasonably likely to fail or refuse to perform or to protect the surety from loss.

42.    Based, in part, upon the Indemnitor Defendants' failures to reimburse Plaintiff Sompo and indemnify and hold Plaintiff Sompo harmless, the Indemnitor Defendants have failed and refused to meet their obligations under the Indemnity Agreement.

43.    Plaintiff Sompo is entitled to be reimbursed for the payments it has made on the claims made against the Bonds in an amount no less than $239,998.67, as well as attorneys' fees and/or costs and expenses it has currently paid and to be fully collateralized by the Indemnitor Defendants.

## FOURTH CAUSE OF ACTION

## PRELIMINARY INJUNCTION AGAINST THE INDEMNITOR DEFENDANTS

44.    Plaintiff Sompo repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

45.    By the express provisions of the Indemnity Agreement and by virtue of the equitable doctrines of exoneration and *quia timet*, Plaintiff Sompo is entitled to have the Indemnitor Defendants place funds or other security with Plaintiff

Sompo upon demand that are sufficient to cover all losses and/or expenses incurred in connection with Plaintiff Sompo having issued the Bonds in an amount no less than $239,998.67 plus attorney fees and costs.

46.     Unless preliminary injunctive relief is granted, Plaintiff Sompo will not be adequately secured for its obligations in connection with the Bonds or incurring further expenses. Further, unless the preliminary injunctive relief is granted, the Indemnitor Defendants are likely to sell, transfer, dispose, lien, secure, or otherwise divert their assets from being used to discharge Indemnitor Defendants' obligations to exonerate and indemnify Plaintiff Sompo, all to Plaintiff Sompo's irreparable harm.

47.     Plaintiff Sompo lacks an adequate remedy at law to secure its right of exoneration from the Indemnitor Defendants and is without a plain, speedy remedy at law, and will be irreparably and permanently injured unless this Court grants the injunctive and equitable relief requested herein.

## FIFTH CAUSE OF ACTION

## SPECIFIC PERFORMANCE OF THE INDEMNITY AGREEMENT AGAINST THE INDEMNITOR DEFENDANTS

48.     Plaintiff Sompo repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

49.     Plaintiff Sompo has demanded that the Indemnitor Defendants indemnify and hold Plaintiff Sompo harmless from any and all losses and costs incurred in connection with having issued the Bonds in an amount no less than $239,998.67 plus attorney fees and costs.

50.     Despite demands, and Plaintiff Sompo's good faith efforts, the Indemnitor Defendants have failed to repay Plaintiff Sompo any amounts demanded.

51.     Unless the injunctive relief requested herein is granted, the Indemnitor Defendants are likely to sell, transfer, dispose, lien, secure or otherwise divest their assets from being used to discharge the Indemnitor Defendants' obligations to exonerate and indemnify Plaintiff Sompo, all to the irreparable harm of Plaintiff Sompo.

52.     Plaintiff Sompo lacks an adequate remedy at law to secure its right of exoneration from the Indemnitor Defendants and is without a plain, speedy remedy at law, and will be irreparably and permanently injured unless this Court grants the injunctive and equitable relief requested herein.

## SIXTH CAUSE OF ACTION

## CLAIM FOR FRAUDULENT TRANSFERS
## AGAINST ALL DEFENDANTS

53.    Plaintiff Sompo repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

54.    The Defendants have fraudulently transferred assets among and between themselves with the intent to hinder, delay or defraud Plaintiff Sompo.

55.    The Defendants have fraudulently transferred assets among and between themselves without receiving a reasonably equivalent value in exchange for the transfer or obligation.

56.    The Defendants:

A.    were engaged or were about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

B.    intended to incur or believed or reasonably should have believed that the Defendants would incur debts beyond Defendants' ability to pay as they become due.

57.    As a result of Defendants' fraudulent transfers and/or convenances, Plaintiff Sompo has been damaged in an amount no less than $239,998.67, plus attorneys' fees, costs and expenses.

## SEVENTH CAUSE OF ACTION

## CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

58.     Plaintiff Sompo repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

59.     Upon information and belief, the Defendants have arranged to channel funds from and amongst themselves.

60.     The channeling of funds from, to, and amongst themselves is unlawful and tortious.

61.     By arranging to channel funds from, to, and amongst themselves, the Defendants have conspired to commit tortious acts as described within this Complaint.

62.     Plaintiff Sompo has been damaged in an amount no less than $239,998.67 by the Defendants' unlawful and tortious channeling of funds from, to, and amongst themselves.

63.     Each Defendant must therefore be held liable for its own and any tortious act committed by any other Defendant.

**EIGHTH CAUSE OF ACTION**

**ALTER EGO/PIERCING THE CORPORATE VEIL
AGAINST ALL DEFENDANTS**

**CHANDRA NORTON, REGINALD NORTON, SHELITHA
RENEE ROBERTSON, STEPHANIE MCNEIL BARRETT,
TERRI HERRING-CROOM, ANGELA SYVERSON a/k/a
ANGELA MARSEILLE, and KATHERINE STUBBS a/k/a
CATHY SWART ("THE INDIVIDUAL DEFENDANTS")**

**CAMKEN CONSULTING, INC., CAMKEN, INC., CAMKEN
INSPECTIONS, INC., NORTON LAW, INC., BAIN BERKLEY, INC.
A/K/A ROBERTSON NORTON, INC. (THE "CORPORATE
DEFENDANTS")**

64.     Plaintiff Sompo repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

65.     Upon information and belief, the Corporate Defendants Camken Consulting, Inc., Camken, Inc., Camken, Inspections, Inc., Norton Law, Inc., Bain Berkley, Inc. a/k/a Robertson Norton, Inc. are mere instrumentalities of the Individual Defendants Chandra Norton, Reginald Norton, Shelitha Renee Robertson, Stephanie McNeil Barrett, Terri Herring-Croom, Angela Syverson a/k/a Angela Marseille, and Katherine Stubbs a/k/a Cathy Swart.

66.     Upon information and belief, the Corporate Defendants Camken Consulting, Inc., Linear Earth, LLC, Camken, Inc., Camken Inspections, Inc., Robertson Norton Law, Inc., Bain Berkeley, Inc. f/k/a Robertson Norton, Inc., and

The Renee Group, Inc. are and at all times were insolvent, had little or no actual active meaningful management and/or operations functions and/or were insufficiently capitalized for purposes of corporate undertakings.

67.     Upon information and belief, the Corporate Defendants observed little or no corporate formalities.

68.     Upon information and belief, the Corporate Defendants' funds, to the extent they had any, including fraudulently-obtained federal Payroll Protection Program ("PPP") funds, were used solely and/or substantially for the benefit of the Individual Defendants.

69.     Upon information and belief, the Corporate Defendants did not have any material functioning officers or directors.

70.     Upon information and belief, the Corporate Defendants have little or no corporate records.

71.     Upon information and belief, the Corporate Defendants' existence were a mere façade for the Individual Defendants' dealings.

72.     For the reasons above, the Individual Defendants and the Corporate Defendants must be liable for all actions of each Defendant in an amount no less than $239,998.67.

## NINTH CAUSE OF ACTION

## ATTORNEYS' FEES AGAINST ALL DEFENDANTS

73.     Plaintiff Sompo repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

74.     Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff Sompo undue expense in failing and refusing to reimburse Plaintiff Sompo for its losses and potential losses under the Bonds and as a result of their breaches of the Indemnity Agreement and/or fraudulent transfers.

75.     Furthermore, the Indemnity Agreement provides that Plaintiff Sompo is entitled to recover from the Indemnitor Defendants any attorneys' fees, costs and/or expenses incurred by Plaintiff Sompo as a result of Plaintiff Sompo having issued the Bonds.

## V.     CONCLUSION

**WHEREFORE, on the First Cause of Action for Contractual Indemnification,** Plaintiff Sompo respectfully demands judgment against the Indemnitor Defendants, jointly and severally, as follows:

a.      for contractual indemnification against the Indemnitor Defendants for the Loss (as that term is defined in the Indemnity Agreement) incurred by Plaintiff

20

Sompo in an amount no less than $239,998.67, and any and all liability, loss, cost, expense, professional and consulting fees and attorneys' fees to be incurred by Plaintiff Sompo, together with appropriate interest thereon; and

b.      awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable; and

c.      For such other and further relief as this Court deems just and equitable.

**WHEREFORE, on the Second Cause of Action for Common Law Indemnification,** Plaintiff Sompo respectfully demands judgment against Camken Consulting, as follows:

a.      for common law indemnification against Camken Consulting for the Loss (as that term is defined in the Indemnity Agreement) incurred by Plaintiff Sompo in an amount no less than $229,998.67, and any and all liability, loss, cost, expense, professional and consulting fees and attorneys' fees to be incurred by Plaintiff Sompo, together with appropriate interest thereon; and

b.      awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable; and

c.      For such other and further relief as this Court deems just and equitable.

**WHEREFORE, on the Third, Fourth and Fifth Causes of Action for Exoneration and Q**ui *Timet***, Preliminary Injunction and Specific Performance,** Plaintiff Sompo respectfully demands judgment against all Indemnitor Defendants, as follows:

a.      Enter Judgment in favor of Plaintiff Sompo in an amount no less than $239,998.67, plus attorneys' fees, costs, expenses and interest;

b.      ordering all Indemnitor Defendants to discharge any financial obligations asserted against Plaintiff Sompo and to reimburse Plaintiff Sompo for any outlays which it may have had to make in connection therewith;

c.      ordering and directing all Indemnitor Defendants, and their officers, agents, employees, attorneys and other persons acting on their behalf, to immediately reimburse Plaintiff Sompo in an amount sufficient to indemnify Plaintiff Sompo from any and all liability, loss, cost and expense incurred as a result of having executed the Bonds, together with appropriate interest thereon;

d.      requiring all Indemnitor Defendants to render to Plaintiff Sompo a full and complete accounting of all assets owned by it or anyone in which it may have an interest;

e.      awarding in favor of Plaintiff Sompo, and against all Indemnitor Defendants, damages in the amount of all expenditures, and outlays made by

Plaintiff Sompo in an amount no less than $239,998.67, plus attorneys' fees, consultant's fees, litigation expenses, interest and court costs; and

f.      awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable; and

g.      For such other and further relief as this Court deems just and equitable.

**WHEREFORE, on the Sixth Cause of Action for Fraudulent Transfer,** Plaintiff Sompo respectfully demands judgment against all Indemnitor Defendants, as follows:

a.      ordering all Indemnitor Defendants to place funds or other security with Plaintiff Sompo that are sufficient to cover all losses and/or expenses incurred in connection with Plaintiff Sompo having issued the Bonds in an amount no less than $239,998.67;

b.      issue a Preliminary Injunction, which includes the following:

i.      requiring that the Indemnitor Defendants place with Plaintiff Sompo sufficient funds as security for Plaintiff Sompo's obligations under the Bonds in an amount no less than $239,998.67;

ii.     enjoining and restraining Indemnitor Defendants from selling, transferring, or disposing or liening their assets and property, and

further enjoining and restraining Defendants from allowing their assets and property to be liened, unless and until Plaintiff Sompo shall receive the funds requested in subparagraph b(i) above;

iii.     granting a lien upon all assets and property, including, but not limited to, realty, personally owned by Indemnitor Defendants and property in which Indemnitor Defendants have an interest.  Such lien shall secure Plaintiff Sompo against any loss that it may sustain under the Bonds. Such lien shall remain in full force and effect unless and until Plaintiff Sompo shall receive the funds requested in subparagraph b(i) above;

iv.     Requiring Indemnitor Defendants to indemnify and exonerate Plaintiff Sompo for all liabilities, losses, and expenses incurred by Plaintiff Sompo as a result of Plaintiff Sompo having issued the Bonds, in an amount no less than $239,998.67;

c.     requiring all Indemnitor Defendants to render to Plaintiff Sompo a full and complete accounting of all assets owned by it or anyone in which it may have an interest;

d.     awarding in favor of Plaintiff Sompo, and against all Indemnitor Defendants, damages in the amount of all expenditures, and outlays made by

Plaintiff Sompo, in an amount no less than $239,998.67, plus attorneys' fees, consultant's fees, litigation expenses, interest and court costs; and

e.      awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable; and

f.      For such other and further relief as this Court deems just and equitable.

**WHEREFORE, for the Seventh and Eighth Causes of Action for Civil Conspiracy and Alter Ego/Piercing the Corporate Veil,** Plaintiff Sompo respectfully demands judgment against all Defendants, as follows:

a.      Enter Judgment in favor of Plaintiff Sompo in the amount of $239,998.67, plus attorneys' fees, costs, expenses and interest;

b.      ordering all Indemnitor Defendants to discharge any financial obligations asserted against Plaintiff Sompo and to reimburse Plaintiff Sompo for any outlays which it may have had to make in connection therewith;

c.      ordering and directing all Indemnitor Defendants, and their officers, agents, employees, attorneys and other persons acting on their behalf, to immediately reimburse Plaintiff Sompo in an amount no less than $239,998.67 and any additional amounts sufficient to indemnify Plaintiff Sompo from any and all

liability, loss, cost and expense incurred as a result of having executed the Bonds, together with appropriate interest thereon;

d.      requiring all Indemnitor Defendants to render to Plaintiff Sompo a full and complete accounting of all assets owned by it or anyone in which it may have an interest;

e.      awarding in favor of Plaintiff Sompo, and against all Indemnitor Defendants, damages in the amount of all expenditures, and outlays made by Plaintiff Sompo, including attorneys' fees, consultant's fees, litigation expenses, interest and court costs; and

f.      awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable; and

g.      For such other and further relief as this Court deems just and equitable.

**WHEREFORE, for the Ninth Cause of Action for Attorney Fees,** Plaintiff Sompo respectfully demands judgment against all Defendants, as follows:

a.      Order all Defendants to pay Plaintiff Sompo for all attorneys' fees, costs and expenses incurred to date in connection with this matter; and

b.      For such other and further relief as this Court deems just and

equitable.


DATED this 1st day of April, 2022.

THE MENECHINO LAW FIRM, LLC

*/s/ John E. Menechino, Jr.*
John E. Menechino, Jr.
Georgia Bar No. 502010
3300 Windy Ridge Parkway, SE
Suite 1021
Atlanta, GA  30339
(404) 388-0433
john@TheMLF1.com
*Attorney for Plaintiff Sompo International*
*Insurance f/k/a Endurance American*
*Insurance Company*