UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Endurance American Insurance Company,<br><br>      Plaintiff,<br><br>      v.<br><br>Bain Berkeley, Inc., et al,<br><br>      Defendants. | CIVIL ACTION NO.<br><br>1:22-CV-1309-SEG |

**<u>MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT OF DEFENDANTS BAIN BERKELEY, INC. f/k/a ROBERTSON NORTON, INC., CAMKEN CONSULTING, INC., CAMKEN INSPECTIONS, LLC, LINEAR EARTH, LLC, METHODICAL MUSES, LLC, ROBERTSON NORTON LAW, INC., CHANDRA NORTON AS A FORMER MEMBER OF CLEAN WATER REHAB, LLC AND CHANDRA NORTON, INDIVIDUALLY</u>**

I.   **INTRODUCTION**

Plaintiff, a Delaware company, filed this action against Defendants on April 1, 2022 (Doc. 1). Plaintiff was granted leave to amend its complaint on May 12, 2023 (Docs. 107 and 108). This is a dispute that arises from Plaintiff's alleged claims resulting from certain surety bonds issued on behalf of CamKen Consulting, Inc. ("CamKen") and Clean Water Rehab, LLC as principals, and Chandra Norton and Reginald Norton (collectively, the alleged "Indemnitor Defendants") and their alleged failure to perform or comply with the covenants and conditions of the

1

General Agreement of Indemnity (GAI) (Doc.108). Plaintiff has asserted additional claims for contractual indemnification (Id. at ¶¶ 30-37), common law indemnification (Id. at ¶¶ 38-41), *quia timet* and exoneration (Id. at ¶¶ 42-47), preliminary injunction (Id. at ¶¶ 48-51), fraudulent transfers (Id. at ¶¶ 57-61), civil conspiracy (Id. at ¶¶ 62-67), alter ego/piercing the corporate veil (Id. at ¶¶ 68-77) and attorneys' fees (Id. at ¶ 78-80).

## II.   BACKGROUND

In its original complaint, Plaintiff's identified itself as Sompo International Insurance f/k/a Endurance American Insurance Company. In the original Joint Preliminary Report and Discovery Plan, the moving defendants raised concerns regarding this Court's subject matter jurisdiction on the basis that, "Plaintiff Sompo International Insurance is not registered citizen of the State of Georgia as a foreign corporation or the State of New York or Delaware as a domestic corporation" (Doc. 29, p. 16). In response to the moving defendants' challenge to jurisdiction, this Court directed all parties to file statements of citizenship to allow the court to determine whether complete diversity exists (Doc. 31).

Plaintiff filed its Statement of Citizenship asserting that Sompo International Insurance is a trade name. Plaintiff further asserted that to clarify the "proper name" of Plaintiff, "Sompo International Insurance" was being removed and Endurance American Insurance Company was being retained as the "proper

Plaintiff" (Doc. 62). Plaintiff filed an Amended Motion for Leave to File Amended Complaint briefly referencing that it was being filed, in part, to clarify the name of Plaintiff (Doc. 70). This Court granted Plaintiff's motion (Doc. 107). Plaintiff's Amended Complaint was filed on May 12, 2023, naming Endurance American Insurance Company as Plaintiff (Doc. 108).

### A. **Plaintiff has not obtained a certificate of authority to transact business in the State of Georgia.**

On July 12, 2023, Moving Defendants filed a motion to dismiss plaintiff's claims in its amended complaint based upon Plaintiff's failure to obtain a certificate of authority to transact business in Georgia (Doc. 144). In Plaintiff's opposition to Moving Defendants' motion to dismiss, Plaintiff admits the following:

1. Plaintiff was in "substantial compliance" with the Georgia Secretary of State's requirements for obtaining a certificate of authority to transact business in the State of Georgia as a foreign company (Doc.158);

2. That it was the responsibility of the 'GA Ins. Comm.' "to notify the GA SOS, Corporations Division, that Plaintiff had been authorized to transact the business of insurance in the State of Georgia" (*Id.*);

3. That "Plaintiff was not at fault for the GA Ins. Comm.'s failure to notify the GA SOS that Plaintiff was authorized to do business in

3

Georgia" (*Id.*)

4. That "Plaintiff has gone beyond what is required of it by applying for a Certificate of Authority from the GA SOS, which would not have been necessary had the GA Ins. Comm. fulfilled its duties" (*Id.*);

5. Plaintiff moved this Court to accept for filing the affidavit of Patricia Strickland, Plaintiff's counsel's paralegal who attests to the steps she took to ensure that Plaintiff was registered to transact business in the State of Georgia (Doc. 159, Doc. 165-1).

6. On August 16, 2023, Plaintiff filed a "motion to accept for filing information received by the Georgia Secretary of State on August 15, 2023, asking the Court to accept a printout from the Georgia Secretary of State's website showing that Plaintiff's business status with the Georgia Secretary of State is "Active/Compliance" (Doc. 144 at 4).

7. On September 12, 2023, Plaintiff filed a "motion for leave to file information received from the Georgia Secretary of State on September 1, 2023." In this motion, Plaintiff asks the Court to accept "written information from Ms. Denette Voundy" that "confirms as true Ms. Strickland's recitation of her August 11, 2023, telephone conference with GA SOS." (*Id.* ¶ 1.).

8. This Court granted each of Plaintiff's motions. More specifically, this

Court granted Plaintiff's "motion to accept previously filed affidavit" (Doc. 159, Doc. 165-1), "motion to accept for filing information received by the Georgia Secretary of State on August 15, 2023" (Doc. 166) and "motion for leave to file information received from the Georgia Secretary of State on September 1, 2023" (Doc. 173).

As of the date of the filing of this motion, Plaintiff still has not obtained a certificate of authority to transact business in the State of Georgia. To be clear, Endurance American Insurance Company has only obtained an "Acknowledgement of Insurance Filing". A true and correct copy of the Acknowledgement of Insurance Filing obtained from the Georgia Secretary of State: Corporations Division is attached hereto as **Exhibit A**.[1] Further, This Court should also take note that the date of the Database Change Memorandum associated with the Acknowledgement of Insurance Filing is August 14, 2023. For the Court's consideration and comparison, a true and correct copy of a Certificate of Existence for Transom Post Opco LLC, a foreign limited liability company, is

---

[1] In deciding the Motion, the Court may consider the facts alleged on the face of the Complaint, as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Moore v. Flagstar Bank*, 6 F.Supp.2d 496, 500 (E.G. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (1990)); *Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice). "The Court may take judicial notice of public records not attached to the Complaint…when considering a motion to dismiss." *Lopez v. Bank of Am., N.A.*, No. 1:12-CV-03590-RWS, 2013 WL 3878952, at *1 n.1 (N.D. Ga. July 26, 2013).
See also https://ecorp.sos.ga.gov/BusinessSearch for a search of Endurance American Insurance Company , the results of which are self-authenticating.

5

attached hereto as **Exhibit B**.

Pursuant to O.C.G.A. § 14-2-1501(a), "A foreign corporation *may not transact business in this state <u>until</u> it obtains a certificate of authority from the Secretary of State*.") (emphasis added). At a minimum, Plaintiff's admissions confirm it was not authorized to transact business as of July 12, 2023, the date Moving Defendants filed their motion to dismiss.

B. **<u>Plaintiff is "transacting business" for purposes of the applicable statute, because its conduct indicates an intention of doing further business in Georgia other than an isolated transaction.</u>**

Defendants have the burden of proving whether Plaintiff is "transacting business" in the State of Georgia for purposes of the applicable statutes. Whether one is "transacting business" for purposes of the applicable statutes should be decided on a case-by-case basis "and not by application of a mechanical rule." <u>Winston Corp. v. Park Elec. Co.</u>, 126 Ga. App. 489, 495, 191 S.E.2d 340 (1972) (addressing Ga. Code Ann. §§ 22-1401 and 22-1421, the predecessors to OCGA §§ 14-2-1501 and 14-2-1502 ); accord <u>Reisman v. Martori, Meyer, Hendricks & Victor</u> , 155 Ga. App. 551, 552 (1), 271 S.E.2d 685 (1980).

> Under such test it is the extent of activities by the foreign corporation in Georgia rather than the singleness that is considered, whether it be a construction enterprise or some other business. Where the activities are minimal and unsubstantial in connection with only one contract and there is displayed no intention to continue these activities after completion of the single contract, the foreign corporation does not have to qualify because its contracts with Georgia relate to an isolated transaction. If such activities are extensive in scope and involve a

   great deal of work over a period of time, then qualification is required despite all such activities being related to a single contract. <u>Winston Corp</u>., 126 Ga. App. at 496, 191 S.E.2d 340.

   (1) <u>Plaintiff bonded two separate projects. As such, the contracts do not relate to an isolated transaction</u>.

First, on the face of Plaintiff's Amended Complaint, Plaintiff provided bonds for two separate projects, i.e., FC-5226, Sewer Rehabilitation Contract A, and FC-5663, Sewer Rehabilitation Contract C (Doc. 108, ¶¶ 24-25. Additionally, the nature of the work also meets the spirit of the *Winston Corp*. qualification test, i.e., activities that are extensive in scope and involve a great deal of work over a period of time. First, the scope of the work was sewer rehabilitation with a total contract value of the projects of $8,132,677.[2] Second, Plaintiff's Amended Complaint references the General Agreement of Indemnity ("GAI") for the bonds having been issued on September 29, 2014 (<u>Id</u>. at ¶ 21). In Plaintiff's counsel's Affidavit dated August 18, 2022, Plaintiff's counsel references being Plaintiff's counsel since May 2018 "working with the City and Camken to mitigate damages by preparing *costs to complete* Camken's *unfinished work*…" (emphasis added) (Doc. 67, pp. 7-8). The time period between September 29, 2014, the date the GAI was executed, and May 2018 when Plaintiff's counsel was engaged and the contract values are implicit evidence that the activities of the projects were

---

[2] Plaintiff alleges in its Amended Complaint that the contract value for FC-5226 was $4,304,000. The factual allegations set forth in Plaintiff's Amended Complaint are taken as true only for purposes of this motion; Defendants do not admit them by including them here.

7

"extensive in scope and involve a great deal of work over a period of time." *Winston Corp.*, 126 Ga. App. at 496, 191 S.E.2d 340.

>   (2) <u>Plaintiff's overt acts support it intended to conduct business in Georgia on a continuous basis.</u>

As previously stated, Plaintiff maintains an office in Georgia. Additionally, the Financial Examination Report as prepared by the Delaware Department of Insurance further confirms that Endurance American Insurance Company transacts business in Georgia. A true and correct copy of the Report on Examination is attached hereto as **Exhibit C** and can also be accessed through the footnoted hyperlink.[3] Page 9 of the Report on Examination states, "The Company is licensed to transact business in 51 United States jurisdictions: forty- nine states, the District of Columbia and the U.S. Virgin Islands." This statement "implies an intent to conduct a continuous, as opposed to a temporary, business."); *Reisman*, 155 Ga. App. at 552 (1), 271 S.E.2d 685 ("[T]he purpose of [the predecessor to OCGA § 14-2-1501] is to require registration of foreign corporations which intend to conduct business in Georgia on a continuous basis, not as a temporary matter.").

To further support Plaintiff's actions implied an intent to conduct a

---

[3] *See* https://insurance.delaware.gov/wp-content/uploads/sites/15/2023/06/EnduranceAmericanInsuranceCompany2021web.pdf. Pursuant to Fed. R. Evid. 902(5). Fed. R. Evid. 902(5) ("[a] book, pamphlet, or other publication purporting to be issued by a public authority" is self-authenticating); *Qui Yun Chen v. Holder,* 715 F.3d 207, 212 (7th Cir. 2013) ("[a] document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself.")

continuous business and its business with Defendants was not an isolated transaction, Plaintiff has also filed a similar lawsuit in Fulton County Superior Court against GreenSky, LLC, a Georgia limited liability company. A true and correct copy of the Case Information File from ResearchGA is attached hereto as **Exhibit D**.

### C. At a minimum, Plaintiff had not obtained a certificate of authority as of the date of the filing of Moving Defendants' motion to dismiss.

As this Court noted, the Georgia Court of Appeals has suggested that when a Plaintiff obtains a certificate of authority after motions to dismiss have been filed, it may be too late: "the trial court may not simply ignore the requirements of the statute." *Westmoreland v. Jordan Partners, LLLP,* 703 S.E.2d 39, 41 (Ga. Ct. App. 2010). Plaintiff's August 15, 2023, filing is too late.

### III. SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted when there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" Kernel Records Oy v. Mosley, 694 F.3d 1294, 1300 (11th Cir. 2012). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. See Hickson Corp. v. N. Crossarm Co., Inc., 357

9

F.3d 1256, 1260 (11th Cir. 2004). The non-moving party must "go beyond the pleadings," and designate specific facts showing that there is a genuine dispute. See Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995). A mere scintilla of evidence in the form of conclusory allegations, legal conclusions, or evidence that is merely colorable or not significantly probative of a disputed fact cannot satisfy a party's burden. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

"Although all justifiable inferences are to be drawn in favor of the nonmoving party," Baldwin Cnty. v. Purcell, 971 F.2d 1558, 1563-64 (11th Cir. 1992), "inferences based upon speculation are not reasonable." Marshall v. City of Cape Coral, 797 F.2d 1555, 1559 (11th Cir. 1986). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine dispute over a material fact, the court should not grant summary judgment. See Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1998). However, if the non-movant's response consists of nothing more than a repetition of conclusory allegations, summary judgment is not only proper, but required. See Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

## IV.   ARGUMENT

The Court may grant summary judgment if the record shows "that there is no

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In response to Moving Defendants' motion to dismiss, Plaintiff effectively admitted to not having obtained a certificate of authority to transact business in the State of Georgia, albeit by blaming the 'GA. Ins. Comm." The Court should accept as admissions through Plaintiff's opposition to Moving Defendants' motion to dismiss, the affidavit of Patricia Strickland, information received by the Georgia Secretary of State, and written information from Ms. Denette Voundy that Plaintiff did not, in fact, hold a certificate of authority to transact business in the State of Georgia as of the date Moving Defendants filed their motion to dismiss on September 21, 2023 (Doc. 144).

## V.   CONCLUSION

Moving Defendants have shown that Plaintiff does not have a certificate of authority from the Georgia Secretary of State and that Plaintiff transacted business in Georgia within the meaning of O.C.G.A. § 14-2-1501(a). For the reasons set forth above, Moving Defendants are entitled to judgment as a matter of law on all of Plaintiffs' claims in this lawsuit.

This 28th day of March 2024

/s/ Marvin Arrington, Jr.
Georgia Bar No. 023805
Arrington & Phillips, LLP
2200 Fairburn Road SW

11


Atlanta, GA 30331
(404) 349-2330
marvin@arringtonphillips.com
*Attorney for Moving Defendants*

## **CERTIFICATION OF FONT**

I hereby certify that this pleading has been prepared with Times New Roman (at least 14-point font) as approved by the Court in L.R. 5.1B.

This 23rd day of August 2023.

                                        Respectfully submitted,

                                        /s/ Marvin Arrington, Jr.
                                        Georgia Bar No. 023805
                                        Arrington & Phillips, LLP
                                        2200 Fairburn Road SW
                                        Atlanta, GA 30331
                                        (404) 349-2330
                                        marvin@arringtonphillips.com
                                        *Attorney for Named Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT OF DEFENDANTS BAIN BERKELEY, INC. f/k/a ROBERTSON NORTON, INC., CAMKEN CONSULTING, INC., CAMKEN INSPECTIONS, LLC, LINEAR EARTH, LLC, METHODICAL MUSES, LLC, ROBERTSON NORTON LAW, INC., CHANDRA NORTON AS A FORMER MEMBER OF CLEAN WATER REHAB, LLC AND CHANDRA NORTON, INDIVIDUALLY** by e-filing the same using the CM/ECF File & Serve System to counsel of record and to the pro se parties as follows:

Keith A. Johnston
Spivey Pope Green LLC
4875 Riverside Drive, Suite 200
Post Office Box 899
Macon, GA 31202
kjohnston@spgglaw.com

John E. Menechino, Jr.
3300 Windy Ridge Parkway, SE
Suite 1021
Atlanta, GA 30339
john@TheMLF1.com

Chandra Norton
480 Darrow Drive
Johns Creek, GA 30097

Chandra Norton
Registered Agent
Methodical Muses
480 Darrow Drive
Johns Creek, GA 30097